IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SABRINA STEPHENS CHISOLM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:18-CV-128-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Pending before the Court is the Social Security Commissioner's motion under sentence four of 42 U.S.C. § 405(g) to enter a judgment with a reversal and remand the cause to the Commissioner. For the reasons explained below, the motion is granted.

## BACKGROUND

Plaintiff Sabrina Stephens Chisholm applied for disability insurance benefits on August 21, 2012, alleging disability beginning on August 29, 2011. Her claim was denied initially on January 11, 2013, and on reconsideration on March 29, 2013. She timely requested an evidentiary hearing before an administrative law judge ("ALJ") on May 20, 2013, and the hearing was held on March 31, 2015. On April 23, 2015, the ALJ issued an unfavorable decision denying her application. Tr. 361-80. Plaintiff sought Appeals Council review, and on September 20, 2016, the Appeals Council remanded her case to the ALJ with instructions to evaluate a treating source opinion that had not been addressed and, if necessary, expand the record with supplemental evidence from a vocational expert.

1

Tr. 381-84. The order specifically directed the ALJ to "identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles." Tr. 382-83.

The ALJ conducted a second evidentiary hearing on November 14, 2017. Tr. 32-60. On February 9, 2018, the ALJ issued another unfavorable decision denying Plaintiff's application. Tr. 12-31. Plaintiff again sought Appeals Council review but was denied on July 17, 2018. Tr. 1-6.

Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff filed this action on September 17, 2018, seeking judicial review of the Commissioner's final decision denying her disability insurance benefits. Compl. 2, ECF No. 1. On December 20, 2018, the Commissioner answered and denied that Plaintiff was entitled to relief. Answer 1-3, ECF No. 7. On January 21, 2019, Plaintiff filed her brief in support of remand, asserting that the ALJ who rendered the decision in her case (1) was not properly appointed under the Appointments Clause, (2) failed to address objections raised in a post-hearing brief, (3) failed to properly evaluate the testimony of a vocational expert at step five of the sequential evaluation process, and (4) ignored three medical opinions after improperly dismissing others. Pl.'s Br. 7-24, ECF No. 11.

On February 20, 2019, the Commissioner filed a response brief, asserting that the ALJ's decision was supported by substantial evidence and based on a correct application of legal principles. Comm'r's Br. 3-4, 12-20, ECF No, 13. The Commissioner also argued that Plaintiff waived the Appointments Clause issue by failing to raise it at the administrative level. *Id.* at 4-11. The Court held oral argument on June 21, 2019. On July

3, 2019 the Commissioner moved to remand Plaintiff's case under sentence four of 42 U.S.C. § 405(g). Mot. to Remand 1, ECF No. 23. Plaintiff opposes remand unless the Commissioner agrees to assign her case to a different ALJ. Pl.'s Resp. in Opp. of Mot. to Remand 1-2, ECF No. 24.

## DISCUSSION

The Court **GRANTS** the Commissioner's motion to remand this case under sentence four of 42 U.S.C. 405(g). In doing so, the Court does not reach the merits of Plaintiff's Appointments Clause claim. Plaintiff objects to remand only because the Commissioner will not agree in advance to assign her case to a new ALJ, anticipating a need for relief by speculating that the same ALJ will again decide her case. *Id.* The record shows that when this case was previously remanded to the by the Appeals Council, it was reassigned to a different ALJ. Tr. 12-31, 361-380. The Commissioner may do so again. While it is clear to the Court that reassignment would be prudent and likely render any Appointments Clause issue moot, the Court defers to the Commissioner on this issue in the first instance.

## CONCLUSION

For the reasons explained above, this case is remanded for further administrative proceedings consistent with this opinion.

SO ORDERED, this 6th day of August, 2019.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE